IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS

KEITH SCOGGINS PLAINTIFF,

V. CASE NO.: CV-2025-219

CITY OF HELENA–WEST HELENA;
QUANDERIUS SANDERS; MATTHEW TUCKER;
AND NATHANIEL BANKS, EACH
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES DEFENDANTS.

## COMPLAINT

**COMES NOW** the Plaintiff, Keith Scoggins, by and through his undersigned counsel, and for his Complaint against the Defendants, City of Helena–West Helena and Officers Quanderius Sanders, Matthew Tucker, and Nathaniel Banks, alleges as follows:

## I. PARTIES

1. Plaintiff Keith Scoggins is a resident of Phillips County, Arkansas.

2. Defendant City of Helena–West Helena is a municipal corporation organized under the laws of the State of Arkansas and may be served with process through its City Clerk at 425 Columbia Street, Helena–West Helena, AR 72342.

3. Defendant Quanderius Sanders is, on information and belief, a police officer employed by the City of Helena–West Helena Police Department. He is sued in his individual and official capacity.

FILED
At 12:27 O'clock P M
JUL 08 2025
TAMEKIA FRANKLIN
PHILLIPS COUNTY CIRCUIT CLERK
By ______ D.C.

EXHIBIT
A

4. Defendant Matthew Tucker is, on information and belief, a police officer employed by the City of Helena–West Helena Police Department. He is sued in his individual and official capacity.

5. Defendant Nathaniel Banks is, on information and belief, a police officer employed by the City of Helena–West Helena Police Department. He is sued in his individual and official capacity.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's state-law claims pursuant to Ark. Const. art. 7, § 19 and Ark. Code Ann. § 16-13-201 et seq.

7. Jurisdiction over Plaintiff's federal constitutional claims is proper because they arise out of the same nucleus of operative fact.

8. Venue is proper in Phillips County because the events giving rise to this Complaint occurred within Phillips County, Arkansas, and Defendants work in Phillips County.

## III. FACTUAL ALLEGATIONS

9. In 2024, Larry Mayfield allegedly suffered an assault and battery by an unknown assailant in Helena–West Helena.

10. Defendant officers Sanders, Tucker, and Banks responded to the scene and took Mayfield into custody for purposes of investigation.

11. Without probable cause to believe Plaintiff had committed the assault, Defendants exercised coercive interrogation techniques upon Mayfield, threatening him with arrest and harsher charges unless he implicated a suspect.

12. Under duress, Mayfield signed a written statement falsely accusing Plaintiff Scoggins of perpetrating the assault.

13. On the basis of the coerced, fabricated statement, Defendants caused Plaintiff to be arrested, charged, and held without bail for several days without a prompt first appearance with counsel, thereby denying Plaintiff his Due Process rights.

14. Defendants, acting under color of law, knew or should have known the statement was false, but they nonetheless forwarded it to the prosecutor's office.

15. The prosecution of Plaintiff terminated in Plaintiff's favor when the State dismissed all charges in 2025, after Mayfield recanted under oath.

## IV. CLAIMS FOR RELIEF

**Count I — 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Seizure & Fabrication of Evidence)**

16. Plaintiff realleges and incorporates Paragraphs 1–15 as though fully set forth herein.

17. By coercing Mayfield's false statement and causing Plaintiff's arrest without probable cause, Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

18. Defendants acted maliciously, recklessly, and with deliberate indifference to Plaintiff's constitutional rights.

19. The City of Helena–West Helena is liable under Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978), for its policies, customs, or inadequate training that caused the violation of Plaintiff's Fourth Amendment rights.

20. As a direct and proximate result of these violations, Plaintiff has suffered damages, including

loss of liberty, emotional distress, and reputational harm, for which he is entitled to compensatory and punitive damages, attorney's fees, and costs.

**Count II — Malicious Prosecution (Ark.)**

21. Plaintiff realleges and incorporates Paragraphs 1–15 as though fully set forth herein.

22. Defendants initiated and prosecuted a criminal proceeding against Plaintiff by presenting Mayfield's coerced statement to the prosecuting authority.

23. There was no probable cause for the prosecution.

24. The criminal proceedings terminated in Plaintiff's favor when all charges were dismissed on [date].

25. Defendants acted with malice in causing Plaintiff to be prosecuted.

26. As a direct and proximate result, Plaintiff has suffered damages, including lost liberty, attorneys' fees, and emotional distress, entitling him to recover actual and punitive damages under Arkansas law.

**Count III — Due Process**

27. Plaintiff realleges and incorporates Paragraphs 1–15 as though fully set forth herein.

28. Defendants, acting individually and in concert, knowingly fabricated false evidence by coercing and then using Mayfield's false statement to implicate Plaintiff.

29. Defendants forwarded that fabricated evidence to prosecutors, causing Plaintiff's arrest and detention. Defendants were responsible for procuring Plaintiff a prompt first appearance with counsel. But Plaintiff did not receive a hearing with 72 hours of his arrest with counsel.

30. As a direct and proximate result of this fabrication, Plaintiff suffered deprivation of liberty,

emotional distress, and reputational injury, giving rise to liability for actual and punitive damages under Arkansas law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keith Scoggins respectfully prays that this Court enter judgment in his favor and award him:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against the individual Defendants;

C. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and applicable Arkansas law;

D. Pre- and post-judgment interest; and

E. All other relief to which he may be justly entitled.

Respectfully submitted,

/s/ Luther Oneal Sutter

By: Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Caleb Baumgardner, Esq., ARBN2014183
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com
Caleb.sglaw@gmail.com